THOMPSON M. PETERS ET AL. *v.* FRANCIS SWORD'S EXR.

[Abstract Kentucky Law Reporter, Vol. 3—620.]

**Set-off Against Provision in a Will.**

> Where a testator gave to his daughter a tract of land, and provided that "a lien is retained upon the land for $250 that Thompson Peters, her husband, owes me," in a suit by the executor to enforce such lien a debt owing by the testator to his daughter for caring for and maintaining the testator for some years, under his promise to pay, may be set off against said lien; and where such claim exceeds the lien retained there can be no recovery on such lien.

APPEAL FROM PIKE CIRCUIT COURT.

February 16, 1882.

OPINION BY JUDGE HARGIS:

By his will Francis Sword gave to his daughter, Mrs. Sarah Peters, a tract of land, and in the clause giving it to her he used this language: "A lien is retained upon the land for $250 that Thompson Peters, her husband, owes me."   After the will was probated the executor brought this action to enforce a lien for the $250 on Mrs. Peters' land.   Her husband and she answered, alleging, in substance, that he did not owe the testator the $250 and never had created any debt to the testator for property, money or anything else; that one of his sons-in-law suggested that Peters was keeping a large account against the testator, and by reason of that suggestion he waived the $250 as a lien on her land to set off Peters' account.

The pleadings and evidence show that Peters and wife, at the instance of the testator, took charge of his home farm and boarded and cared for him for a period of five years, under a promise that he would do them right.   The meaning of this

promise was that the testator would pay them the reasonable value of their services and of the board; and this his representative should he required to do, at least to the extent of the $250, which was evidently placed in the will for the purpose stated. The testator made no other distinction in the devises to his children. Mrs. Peters' tract was not worth any more than either of the tracts devised to the other children, and the improvements made by Peters on the home farm about consumed the rent; at any rate the excess of the rent does not, in the light of the evidence, reduce the price or value of the board and services of Peters and wife done for testator below $250, which is not more than one-half of their value.

The petition to enforce the lien for $250 should have been dismissed and the excess of appellants' set-off rejected, as taking possession of the land devised to Peters and wife did not constitute an estoppel to their claim for services and board, which the husband had a right to assert against the estate irrespective of the provisions of the will in his wife's favor.

Judgment *reversed* and cause remanded with directions to render judgment in conformity to this opinion.

*A. J. Auxier, for appellants.*

*Connolly & Parson, for appellee.*